Judge Lane
delivered the opinion of the court:
The court have heretofore decided, in this ease, that a bill in chancery may be sustained, at the instance of a creditor, before judgment, to compel the distribution of the estate of a decedent, because it is a trust; and that such a bill may be filed against a deceased partner’s administrator for such a purpose. An account has been taken, and the report of the master shows that there are creditors of Seymour Austin separately, and of Seymour Austin and Calvin Austin jointly; also, that the estate of Calvin Austin is insolvent.
It is now insisted, on behalf of the separate creditors of Seymour Austin, that as any property of the firm of C. & S. Austin, if found in the hands of the administrator or executor, must be first exclusively applied to the payment of the partnership debts; therefore, the separate property of Seymour Astin shall be first applied to the discharge of his separate individual debts, which, in respect to the creditors of C. & S. Austin, have a preference. In support of this proposition the following cases are cited: Gow’s Part. 386; 10 Ves. 118; 5 Serg. & Rawle, 18; 2 Des. (S. C.) 203; 2 Mad. Ch. 302.
This court are of opinion that if any such rule exists it must have been of frequent application, and thus have become familiar to the profession. Yet no case is found in the books except the one in 10 Yesey and the South Carolina case. That 113] ^'touches such a doctrine, unless cases founded on the statutes of bankruptcy. A claim so novel, in a case necessarily ■of such common occurrence, must be listened to with caution amounting to jealousy. Its unavoidable tendency is to disturb and overthrow the settled policy of our law for the disposition of *117 decedent’s assets, which seeks to make equal distribution of them to every creditor.
A creditor of two debtors, not partners, is at liberty to enforce satisfaction from either. If either die, the claim becomes a separate debt, to be satisfied on terms of equality with the decedent’s other debts. But if the debtors were partners, holding a joint fund, the creditor is permitted a specific preference to subject that joint fund to the payment of his joint claim or debt; and this, not because the creditor’s rights are enlarged by the existence of a joint fund, but because the interests of the partners are so connected with its distribution, that it is necessary to adopt this rule,, to secure the rights of the debtors between themselves. Hence the doctrine has been introduced, that the partnership property should be first applied in satisfaction of the partnership debts; not for the creditor’s sake, but because there is a fund which both parties have reciprocally a right to apply for the benefit of a third party.
But where the question is merely between the creditor and the surviving debtor, and no trust fund exists in which the other-debtor or his representative have an interest, the reason does not obtain, and the creditor stands in the relation of any other creditor, to be paid in the same proportion with them. This happens to be the position of the complainants in this case, who make no-claim to any such trust fund, for none such exists; but set up against the estate of Seymour Austin a joint and several debt with Calvin Austin. The question does not seem to avail in any ease, except where there are two funds for distribution, and two classes of creditors.
But, even if such a case were presented, we should long hesitate-before we should introduce an element into our system of jurisprudence so calculated to render more complex the equal distribution of decedents’ estates among creditors. The statute plainly endeavors to make that distribution equal, conformable to the dictates of the soundest equity. We can not resist the persuasion, that the distinguished chancellors, in the cases referred to, have unwarily adopted, as a general doctrine, one rather applicable to cases under a statute of bankruptcy. We ^consider that [114 its introduction here would lead to embarrassing consequences,, and therefore reject it.
The case is again referred to the master.